UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILIP L. MILES,

    Plaintiff,

       v.                           CAUSE NO. 3:20-CV-246-RLM-MGG

JULIE ANTON,

    Defendant.

## OPINION AND ORDER

Philip L. Miles, a prisoner at Indiana State Prison without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging violations of the First Amendment's Free Exercise Clause. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Miles alleges that he is a practicing Muslim, and an important part of his faith is attending Friday Jumuah religious services. He told Officer Austin Nunn this when Officer Nunn hired him to work in the commissary department. But when Mr. Miles went to leave work one Friday for Jumuah, his immediate supervisor, Julie Anton, made him choose between keeping his job and attending

Jumuah. He chose to attend services and lost his job. Ms. Anton justified the termination by a bad work evaluation and a report of theft, both of which were found unsubstantiated. Mr. Miles contends that Officer Nunn confirmed Ms. Anton made up the bad work report and theft charge to cover up firing him for attending Jumuah. Mr. Miles sues Ms. Anton for placing a substantial burden on his practice of religion and for retaliating against him for attending religious services.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." Kaufman v. Pugh, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009) (citation and internal quotation marks omitted). A prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." Kaufman v. Pugh, 733 F.3d at 696 (internal quotation marks and citation omitted). Mr. Miles contends that attending Jumuah is a central tenant of the Islamic faith and that being forced to work during Jumuah substantially burdened his ability to practice Islam. He further alleges that Ms. Anton had no legitimate reason to prevent him from attending services. Giving him the inferences to which he is entitled at this stage, Mr. Miles asserts a plausible claim under the Free Exercise Clause for money damages against Ms. Anton for forcing him to choose between working and attending Jumuah.

Mr. Miles has also plausibly alleged a First Amendment retaliation claim. To establish such a claim, he must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Mr. Miles plausibly alleges that attending Jumuah is a central component of his Muslim faith. *See* Widmar v. Vincent, 454 U.S. 263, 269 (1981) ("[E]ngag[ing] in religious worship and discussion. . . are forms of speech and association protected by the First Amendment."). Although he had no right to a prison job, *see* DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by* Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020), being forced to choose between a job and attending religious services could "dissuade a reasonable person from engaging in future First Amendment activity." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015). Finally, Mr. Miles plausibly alleges that Ms. Anton's reason for terminating him was his attendance at Jumuah. He will be allowed to proceed on a retaliation claim against her.

For completeness, the court considers whether Mr. Miles can proceed under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.*, which provides broad protections for the free exercise of religion, but it only allows for injunctive relief, not monetary damages. Sossamon v. Texas, 563 U.S. 277, 285 (2011). Mr. Miles seeks only money damages in his complaint. He also acknowledges that he has been cleared from wrongdoing and

3

has the ability to reapply for prison employment should he choose to do so, and that Ms. Anton is no longer employed at the prison. He has not alleged a plausible claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Julie Anton in her personal capacity for monetary damages for infringing on the free exercise of his religion and retaliating against him in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Julie Anton and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Julie Anton, if she does not waive service and if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Julie Anton to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 22, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT