UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP L. MILES,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-246-RLM-MGG

JULIE ANTON,

    Defendant.

OPINION AND ORDER

Phillip L. Miles, a prisoner without a lawyer, sues "Julie Anton in her personal capacity for monetary damages for infringing on the free exercise of his religion and retaliating against him in violation of the First Amendment[.]" ECF 8 at 4. In his complaint, Mr. Miles alleged that Ms. Anton violated his constitutional rights by terminating him from his job in the commissary department because he attended a religious service. Ms. Anton moved for summary judgment, arguing that Mr. Miles didn't exhaust his administrative remedies before filing suit. ECF 24. The motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsi0n Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate need only exhaust remedies that are available. Woodford v. Ngo, 548 U.S. 81, 102 (2006).

Ms. Anton argues that Mr. Miles didn't exhaust his administrative remedies because he didn't submit any grievances before filing his complaint. Mr. Miles concedes he didn't submit any grievances, explaining that he didn't have any available remedies because his claim alleges Ms. Anton fired him from his job, which is a "non-grievable issue" under the Offender Grievance Process. *See* ECF 27-3 at 3-4; ECF 25-2 at 3 (IDOC grievance policy listing as an example of a non-grievable issue "[c]lassification actions or decisions, which include loss of a job . . ."). Mr. Miles isn't

proceeding against Ms. Anton on a loss-of-job claim. Rather, he is proceeding against Ms. Anton for "infringing on the free exercise of his religion and retaliating against him in violation of the First Amendment." ECF 8 at 4. The grievance policy specifically lists as an appropriate issue to grieve "[a]ctions of individual staff," which encompasses Ms. Anton's alleged actions here. ECF 25-2 at 3. This claim alleges a grievable issue under the Offender Grievance Process. *See* ECF 25-1 at 5; ECF 25-2 at 3. That the alleged constitutional violation was related to Ms. Anton's act of terminating Mr. Miles from his job didn't make this claim non-grievable. Because Mr. Miles' claim alleges a grievable issue and it is undisputed that Mr. Miles didn't submit any grievances, Mr. Miles didn't exhaust his administrative remedies before filing suit. The motion for summary judgment must be granted.

For these reasons, the court GRANTS the motion for summary judgment (ECF 24). The clerk shall issue judgment accordingly.

SO ORDERED on September 1, 2021

 /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT